**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951-290-2827
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ALICE MORRIS,<br><br>Debtor. | Case No.: 6:23-bk-10216-RB<br><br>Chapter 7<br><br>**DECLARATION IN SUPPORT OF EX PARTE MOTION FOR ORDER EXTENDING DEADLINE TO FILE CASE COMMENCEMENT DOCUMENTS** |

I, Benjamin Heston, declare as follows:

1. I am the attorney for the Debtor, Alice Morris, in this bankruptcy proceeding. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. I have met with the Debtor several times since August of 2022. She is elderly and recently widowed, and not able to easily access a computer, email, text message, and so on. All of these meetings and discussions have been done in-person over the course of the past several months.

3. On January 23, 2023, this case was filed with just the initial commencement documents with the intention of meeting in-person to ensure that the remaining schedules were accurate as of the date of filing.

4. During our most recent meeting on January 31, 2023, which was during the 14-day deficiency period, we worked together to prepare all of the necessary case documents to complete the filing.

5. On February 6, 2023, I started to upload these documents through the ECF system as two separate PDF files – one for the remaining schedules and the other for the declaration of Debtor regarding income. I was under the belief that the documents had been filed prior to the expiration of the 14-day deficiency window.

6. The next morning, I checked my ECF feed and found that the documents were not listed. I checked the Court's official docket reflected which the same, Upon realizing this, I immediately re-filed the documents and then filed the Motion to Extend Deadlines.

7. Although the Motion was filed after the expiration of the deadline, there is authority to support that an extension can granted retroactively. In a recent decision of Judge Barash, he noted that "nunc pro tunc or retroactive orders are common in bankruptcy. Among other things, they are available, under appropriate circumstances…" In re Players Poker Club, Inc., 9:21-bk-10357-MB, at 1 (Bankr. C.D. Cal. Feb. 4, 2022).

8. When considering whether to grant such retroactive relief, courts should consider the usual balance of equity, and the harms and benefits of all parties. Here, there would be no harm to creditors or the trustee if the case proceeds. The Debtor would receive a great benefit of having her case proceed as it is currently scheduled. If the case is dismissed, that would be extremely burdensome to the Debtor. This case has been prepared over the course of several months, and dismissal would likely lead to more significant delays and costs.

9. The Debtor is 81 years old, and has been forced into bankruptcy due to her husband's

recent death and the loss of his retirement income and other support. Given the circumstances, it would be equitable and appropriate for the Court to waive the deadline and accept the documents filed on February 7 as docket #10 and 11.

10. Pursuant to Local Bankruptcy Rule 9013-1(q)(4), this motion may be granted without additional notice and without a hearing

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: February 9, 2023

BENJAMIN HESTON